UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| J GRAHAM ZAHORUIKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Docket #: 3:15cv42(VLB) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| ANDREW C. METCALF | ) | |
| JUDGMENT ACQUISITIONS | ) | |
| UNLIMITED | ) | |
| LINDA BROSSI-MURPHY | ) | |
| DAVID A. BROSSI LIMITED | ) | |
| PARTNERSHIP | ) | |
| | ) | |
| Defendants, | ) | |

---

## COMPLAINT WITH JURY DEMAND

### INTRODUCTION

*1.*      Plaintiff brings this action against Defendants to obtain relief for violations of the federal

Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), or the Creditor's

Collection Practices Act, Conn. Gen. Stat. §36a-645 *et seq.,* and the Connecticut Unfair Trade

Practices Act, Conn. Gen. Stat. §42-110b-g ("CUTPA").

### JURISDICTION

*2.*      This Court has jurisdiction under 15 U.S.C. §1692k(d) or 28 U.S. C. §1367. Venue in this

District is appropriate because Defendants collection demands were received in Connecticut and

Defendants intentionally aimed the activities at issue toward a Connecticut resident. Jurisdiction

is also proper pursuant to 28 U.S.C. § 1332(a)(2), diversity of citizenship.

## PARTIES

*3.*     Plaintiff J Graham Zahoruiko is a natural person who resided in Connecticut during the Defendants most recent claims.

*4.*     Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

*5.*     The Defendants are debt collectors as defined by the FDCPA, 15 U.S.C. §1692a(6). The principal purpose of Defendants business is the purchase or collection of judgments and the leasing of real estate using the mails and telephone.

*6.*     Defendants engaged in collection efforts and communicated with Plaintiff on or after one year before the date of the filing of this action, in connection with collection efforts with regard to Plaintiff's matter.

## FACTUAL ALLEGATIONS

*7.*   ATTACHMENT "A" serves as a basis for this matter.

*8.*   On January 3, 2012, Defendant David A. Brossi Limited Partnership filed a Small Claims Action (Docket 1267SC000001: David A Brossi Limited Partnership v. Graham Zahoruiko and Refresh Software) in Westborough District Court, Westborough, Massachusetts alleging corporate rents due by Refresh Software Corporation.

*9.*   On May 22, 2012, the Westborough District Court conducted a hearing relative to David A. Brossi Limited Partnership v. Graham Zahoruiko, a docket entry was made as follows: "no judgment against defendant Graham Zahoruiko."

*10.* Since June 8, 2012, the Defendants have continued to harass Plaintiff with "civil arrest" and a number of extreme exhortative measures such as for "a Constable serve a capias and possibly physically bring [Plaintiff] to the Westboro District Court to answer their non-payment of the

judgment."

a) INSTANCE #1: On June 8, 2012, Defendant Linda Brossi-Murphy appeared at Plaintiff's 341 creditors meeting and asked a number of unrelated and harassing questions to the annoyance of the Trustee.

b) INSTANCE #2: On August 31, 2012, Plaintiff received a telephone call from 508-735-6279 from a person representing themselves as "Deputy Sheriff McConaghy of Worcester" and that "on July 25, 2012, the Westborough District Court issued a warrant for Plaintiffs personal arrest for failing to appear in the Brossi matter."

c) On August 31, 2012, Plaintiff's legal counsel, Troy Morrison of Morrison Rousseau, LLP, telephoned Defendant Linda Brossi-Murphy the Manager of Defendant David A. Brossi Limited Partnership and warned Defendant Brossi that she is (1) in violation of the automatic stay of another court; (2) the Westborough District Court judgment is not against Plaintiff personally as clearly outlined in the docket of the court; (3) and this action or further action would be considered harassment.

d) INSTANCE #3: In July 2013, Plaintiff discovered his credit report listed a judgment by Defendant David A Brossi LP in the amount of $5,000. Nowhere is Plaintiff's name on any judgment to Defendant David A. Brossi LP [clearly, this was the result of Defendants actions].

  i) Plaintiff wrote several letters to the three credit reporting agencies between July 2013 and August 2013 to clear Defendants attempt to disparage Plaintiffs credit report.

  ii) On July 24, 2013, Westborough District Court Magistrate Maryann Pozzessese provided Plaintiff with a "Copy, Attesting" to the fact that there was "no judgment against Graham Zahoruiko."

    iii) On August 12, 17 and 19, 2013, Plaintiff forwarded the Westborough District Court Magistrate Pozzessese Certified Attest to the three major credit agencies; where they investigated with the Westborough District Court as to the validity of "no judgment against Graham Zahoruiko," and subsequently removed the judgment from Plaintiffs credit reports.

e) INSTANCE #4: On December 15, 2014, Plaintiff received a collection letter from Defendants Andrew C. Metcalf and Judgment Acquisitions Unlimited of Avon, MA related to the Defendants Brossi matter.  Defendant Andrew C. Metcalf threatens Plaintiff with "Civil Arrest" if Plaintiff does not comply and pay the $6,962.63 "within the 7 days."

f) On December 16, 2014, via certified mail, Plaintiff reported Defendants Andrew C. Metcalf and Judgment Acquisitions Unlimited to Commissioner Howard F. Pitkin of the Connecticut Department of Banking and Commissioner David J. Cotney of the Massachusetts Division of Banks – the agencies that oversee and regulate licensed, registered and bonded debt collectors in the states Connecticut and Massachusetts.

    i) Neither Defendants Andrew C. Metcalf nor Judgment Acquisitions Unlimited are incorporated or licensed with the proper licenses as required by law in the Commonwealth of Massachusetts or the State of Connecticut.

g) INSTANCE #5: On December 18, 2014, Plaintiff received a second correspondence from Defendants Andrew C. Metcalf and Judgment Acquisitions Unlimited.   Defendants Andrew C. Metcalf threatens (for a second time) Plaintiff with "Civil Arrest" if Plaintiff does not comply and pay the $6,962.63 "within the 7 days."

*11.* INSTANCE # 6: On December 24, 2014, Plaintiff received a third correspondence from

Defendants Andrew C. Metcalf and Judgment Acquisitions for Plaintiff to "appear in court on January 20, 2015 at 1 PM" and Defendant Andrew C. Metcalf requests "a Constable serve a capias and possibly physically bring [Plaintiff] to the Westboro District Court to answer their non-payment of the judgment."

a) Defendants Andrew C Metcalf makes a series of false statements in court filings and 3 different sworn to affidavits:

    i) "[Defendants] Andrew Metcalf d/b/a Judgment Acquisitions Unlimited, is a duly organized business in the Commonwealth of Massachusetts, having a usual place of business in Avon Massachusetts, Norfolk county".

    ii) "[Defendant] has acquired all rights to said judgment".

    iii) "[Plaintiff] is a Massachusetts resident".

    iv) "The original [Defendant] received a judgment against [Plaintiff] on 6/12/2012 for $5,364.84".

    v) [Plaintiff] has failed and refused to make full payment of said judgment.

12. It appears that the Defendants will go to any extreme including breaking the law in order to collect a default judgment of another third party, a Massachusetts corporation, against Plaintiff, a resident of the State of Connecticut.

13. Prior to the placing of the judgment on Plaintiff's consumer credit report, Plaintiff never received notice from the Defendants of the outstanding debts.

14. Plaintiff does not believe that these outstanding debts were valid, and in fact, no court has issued any Judgment against Plaintiff for said debts.

15. Furthermore, Plaintiff disputed the validity of the debt to Defendants, and informed Defendants that Plaintiff is under protest because of the abusive, malicious, and illegal tactics of

Defendants including extortion.

*16.*     In addition to making the request to have the items removed, Plaintiff informed the Defendants that Plaintiff never received a notice from Defendants regarding the debt prior to the placing of the same on Plaintiff's Report, which denied Plaintiff the ability to contest the validity of the debt in accordance with the law.

*17.*     In further attempts to rectify this matter on Plaintiff's has contacted various state and federal agencies with complaints of the unfair, deceptive, and illegal debt collection practices of the Defendants.

## **CLAIMS FOR RELIEF**

## **COUNT I - VIOLATION OF THE FDCPA 15 U.S.C. § 1692 *et seq.***

*18.*     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

*19.*     The Defendants are a "debt collector" as defined by section 1692a(6) of the FDCPA. Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

*20.*     The Defendants violated section 1692e(8) of the FDCPA, where the Defendants, once presented with information that the debt was false reported it to credit reporting agencies.

*21.*     The Defendants violated section 1692e(8) of the FDCPA, where the Defendants, once provided with notice that the debt was being disputed, failed to properly report such notice of dispute to credit reporting agencies.

*22.*     Defendants violations include violations of 15 U.S.C. §§ 1692e, 1692f and 1692g(a)(1) as evidenced by the following conduct:

        (a) Using unfair or unconscionable means to collect or attempt to collect an alleged debt;

        (b) Using false, deceptive and misleading representations or means in connection with the

collection of an alleged debt; and,

(c) Failing to provide the consumer with a written notice containing the amount of the alleged debt.

23.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of inducing Plaintiff to pay the debt.

## CLAIMS FOR RELIEF

## COUNT II - VIOLATION OF CREDITOR'S

## COLLECTION PRACTICES ACT, CONN.GEN.STAT. §36a-645 *et seq.*

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.     Defendants is a creditor as defined by the Creditor's Collection Practices Act, Conn. Gen. Stat. §36a-645 *et seq.*

26.     Plaintiff is a consumer debtor as defined therein.

27.     Conn. Gen. Stat. §36a-647 prohibits creditors from engaging in any practice determined by the Commissioner of Banking to be an unfair or deceptive act or practice.

28.     The Commissioner has adopted regulations, reported at Conn. Agencies Regs. §36a-647-5 and -6, precluding false or misleading representations identical in all pertinent respects to the prohibitions at issue set forth in the federal statute, the FDCPA.

29.     The Defendants actions as set forth above are in violation of the regulations adopted by the Commissioner of Banking.

30.     Pursuant to Conn. Gen. Stat. §36a-648, the Defendants is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs for actions.

## CLAIMS FOR RELIEF

## VIOLATION OF THE CONNECTICUT UNFAIR

## TRADE PRACTICE ACT §42-110b-g (CUTPA)

*31.*     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

*32.*     Plaintiff is a consumer debtor as defined by Conn. Gen. Stat. §36a-800(2).

*33.*     Defendants are not registered with the Connecticut Banking Department.

*34.*     Conn. Gen. Stat. §36a-806 prohibits collection agencies from engaging in any practice determined by the Commissioner of Banking to be an unfair or deceptive act or practice.

*35.*     The Commissioner has adopted regulations, reported at Conn. Agencies Regs. §36a-809-3(f) and §36a-809-3(g), precluding false or misleading representations identical to the prohibitions set forth in the federal statute, the FDCPA.

*36.*     Defendants' actions as set forth above are in violation of the regulations adopted by the Commissioner of Banking under the Creditors' Collection Practices Act or the Consumer Collection Agencies Act.

*37.*     The Defendants' violations of the regulations adopted by the Commissioner of Banking constitute unfair or deceptive practices in violation of Conn. Gen. Stat. §42-110b(a).

*38.*     The Defendants is liable to Plaintiff for actual damages, statutory damages, punitive damages and attorneys' fees and costs.

## JURY TRIAL DEMAND

*39.*     Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

   a.   That judgment be entered against Defendants for actual damages, pursuant to 15

        U.S.C. § 1692k(a)(1);

   b.   That judgment be entered against Defendants for statutory damages pursuant to 15

        U.S.C. § 1692k(a)(2)(A) and (B);

   c.   That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §

        1692k(a)(3);

   d.   That the Court award all remedies provided by Conn. Gen. Stat. §42-110g and

        36a-648; and,

   e.   That the Court grant such other and further relief as may be just and proper,

        including punitive damages and injunctive relief.


Dated: January 12, 2015                      Respectfully submitted,

                                             _____
                                             J Graham Zahoruiko
                                             57 Woodhenge Dr
                                             Tolland, CT  06084
                                             jgrahamzah@gmail.com

## ATTACHMENT "A"

## AFFIDAVIT OF J GRAHAM ZAHORUIKO

*State of Connecticut*
*County of Tolland*

COMES NOW J GRAHAM ZAHORUIKO, who being first duly sworn, states that the following

information is within his personal knowledge and belief:

1.  I am a resident of the State of Connecticut and a United States citizen.

2.  I have voluntarily written this affidavit.

<u>REASON FOR THIS AFFIDAVIT</u>

3.  On January 3, 2012, Plaintiff David A. Brossi Limited Partnership filed a Small Claims

    Action in Westborough District Court, Westborough, Massachusetts against Defendant's

    (1) Graham Zahoruiko of 214 Magill Drive, Grafton, MA 01519 and (2) "Additional

    Defendants: Refresh Software – same address as" claiming rents due from Refresh

    Software Corporation (EXHIBIT 1, page 1).

    a.   I was a [prior] officer of Refresh Software Corporation of 45 Lyman St,

         Westborough, MA  01581, duly organized under the laws of the Commonwealth

         of Massachusetts.

         a.i.   On May 10, 2010, I executed a lease, solely as officer of Refresh Software

                Corporation, between "David A. Brossi Limited Partnership and Refresh

                Software Corporation."

a.ii.  Refresh Software Corporation has <u>never had an address</u> of 214 Magill Dr, Grafton, MA  01519.  The last address of Refresh Software Corporation was 45 Lyman Street, Westborough, MA  01581. [the January 3, 2012 lawsuit was improperly served as to Refresh Software Corporation].

4.  On May 1, 2012, due to an unrelated matter, I filed for personal bankruptcy protection in the United States Bankruptcy Court in Worcester, MA.  David A. Brossi Limited Partnership was listed in my bankruptcy petition under the required section related to "pending legal action" – even though their claims against me personally were unsubstantiated.

   a.  On May 1, 2014, my Bankruptcy Counsel (Morrison Rousseau, LLP) representative Susan H. McCahon sent both (via postal mail) to the Westborough District Court and to David A. Brossi Limited Partnership (1) the Suggestion of Bankruptcy documentation; (2) that the Bankruptcy Automatic Stay was now in effect; (3) no further proceedings were allowed to commence against me personally under law; (4) and that the May 22, 2014 scheduled Magistrate Hearing could not be heard as to me personally due to the automatic stay in place (11 U.S.C. 362).

   b.  On May 10, 2012, the Westborough District Court entered the Suggestion of bankruptcy in case 1267SC000001 (EXHIBIT 1, page 4).

5.  In the May 22, 2012 hearing relative to case 1267SC00001, a docket entry was made as follows: "…no judgment against defendant Graham Zahoruiko as he has filed bankruptcy…" (EXHIBIT 1, page 4).

Affidavit of J GRAHAM ZAHORUIKO                                                    Page 2

6.  On June 8, 2012, with no judgment against me, Linda Brossi-Murphy of David A. Brossi Limited Partnership appeared at my bankruptcy 341 creditors meeting and asked a number of unrelated and harassing questions to the annoyance of Bankruptcy Trustee Denise Pappalardo.

    a.  David A. Brossi Limited Partnership subsequently missed the September 6, 2012 deadline to file a Proof of Claim (Form 10) in the bankruptcy proceeding.

7.  On June 12, 2012, the Westborough District Court issued a default judgment against "Refresh Software" solely (AND NOT AGAINST J GRAHAM ZAHORUIKO) in the amount of $5,364.84 (EXHIBIT 1, page 4). [Refresh Software Corporation was unrepresented by counsel – reason for default judgment]. [There is no judgment against me; thereby, no standing].

8.  On August 31, 2012, I received a telephone call from 508-735-6279 from a person representing themselves as "Deputy Sheriff McConaghy of Worcester" and that "on July 25, 2012, the Westborough District Court issued a warrant for my personal arrest for failing to appear in the Brossi matter." [There is no judgment against me; thereby, no standing].

    a.  On August 31, 2012, my bankruptcy counsel, Troy Morrison of Morrison Rousseau, LLP, telephoned Linda Brossi-Murphy the Manager of David A. Brossi Limited Partnership and instructed her that she is in violation of the automatic stay of the bankruptcy court which (1) precluded and prevented my personal appearance; (2) the judgment is not against me personally; (3) and this action would be considered continued harassment and a clear violation of the automatic stay provisions of the United States federal bankruptcy laws.

9. In July 2013, [and with continued harassment from Linda Murphy-Brossi and David A. Brossi Limited Partnership, my credit report, listed a judgment on behalf of David A Brossi LP in the amount of $5,000 (EXHIBIT 2, page 1).

    a. I wrote several letters to the credit reporting agencies between July 2013 and August 2013 (EXHIBIT 2, pages 2-4).

    b. On July 24, 2013, Magistrate Maryann Pozzessese provided me with a "Copy, Attesting" to the fact that there was no judgment against me (EXHIBIT 1, pages 2-4).

    c. In August 2013, I forwarded Magistrate Pozzessese attachment and the credit agencies subsequently removed the judgment from my credit reports.

10. On December 15, 2014, [There is no judgment; thereby, no standing against me], I received a December 10, 2014 dated collection letter to "Graham Zahorviko" (last name spelled incorrectly) from Andrew C. Metcalf of Judgment Acquisitions Unlimited of Avon, MA related to the Brossi matter. Mr. Metcalf threatens "Civil Arrest" if I do not comply and pay the $6,962.63 "within the 7 days" (EXHIBIT 3).

    a. On December 16, 2014, via certified mail, I reported Andrew C. Metcalf to Commissioner Howard F. Pitkin of the Connecticut Department of Banking and Commissioner David J. Cotney of the Massachusetts Division of Banks – the agencies that oversee and regulate licensed, registered and bonded debt collectors in the states Connecticut and Massachusetts (EXHIBIT 4).

    b.   Neither Andrew C. Metcalf nor "Judgment Acquisitions Unlimited" are incorporated as required by law in (1) the Commonwealth of Massachusetts or the State of Connecticut as purported (EXHIBIT 5).

11. On December 18, 2014, [There is no judgment; thereby, no standing against me], I receive a second correspondence to "Graham Zahorviko" (last name spelled incorrectly) from Andrew C. Metcalf of Judgment Acquisitions Unlimited dated December 15, 2014. Mr. Metcalf threatens "Civil Arrest" if I do not comply and pay "within the 7 days" for the second time (EXHIBIT 6)

12. On December 24, 2014, [There is no judgment; thereby, no standing against me], I received a third correspondence  to "Graham Zahorviko" (last name spelled incorrectly) at my Connecticut residential address from Andrew C. Matcalf of Judgment Acquisitions Unlimited dated  December 17, 2014 (EXHIBIT 7):

    a.   Andrew C Metcalf as assignee of David A. Brossi Limited Partnership.

    b.   Motion to Substitute A Party [Andrew C Metcalf as assignee of David A. Brossi Limited Partnership].

    c.   Affidavit of Andrew C Metcalf and Affidavit to a substitute party which <u>both</u> state:

        c.i.   "Andrew Metcalf d/b/a Judgment Acquisitions Unlimited, is a duly organized business in the Commonwealth of Massachusetts, having a usual place of business in Avon Massachusetts, Norfolk county."

d.i.1.     The default judgment is against Refresh Software Corporation solely. [There is no judgment; thereby, no standing against me].

e.   Motion for Appointment of Special Process Server Under MRCP Rule 4 (C).

e.i.1.     The default judgment is against Refresh Software Corporation solely. [There is no judgment; thereby, no standing against me].

f.   Affidavit of Andrew C Metcalf for MRCP Rule 4 (C):

f.i.   I restate all of the points related to the Affidavits of Andrew C Metcalf and Affidavit to a substitute party.

f.i.1.     The default judgment is against Refresh Software Corporation solely. [There is no judgment; thereby, no standing against me].

g.   Assignment of Judgment with Warranty

g.i.1.     The default judgment is against Refresh Software Corporation solely. [There is no judgment; thereby, no standing against me].

13. It appears that Linda Murphy-Brossi, David A Brossi Limited Partnership and Andrew C. Metcalf of Judgment Acquisitions Unlimited will go any extreme including breaking the law in order to collect a default judgment of a Massachusetts corporation against a resident of the State of Connecticut.

14. On January 9, 2015, I filed a complaint in the U.S. District Court District of Connecticut, against Linda Brossi-Murphy, David A. Brossi Limited Partnership, Andrew C. Metcalf and Judgment Acquisitions Unlimited for of Federal and State laws including: federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), or the Creditor's Collection Practices Act, Conn. Gen. Stat. §36a-645 et seq., and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110b-g ("CUTPA") (EXHIBIT 8).

    a. On January 9, 2015, I notified the Clerk in the Westborough District Court, Westborough, Massachusetts notice of the U.S. District Court, District of Connecticut complaint and my objection to Andrew C Metcalf's fraudulent actions under Rule 3 of the Massachusetts Uniform Small Claims Rules of Civil Procedure.

Everything I have written herein is my personal opinion and is based upon my personal belief and recollection.



J GRAHAM ZAHORUIKO
57 Woodhenge Dr
Tolland, CT  06084

IN WITNESS WHEREOF, J GRAHAM ZAHORUIKO, has hereunto set his hand, name

and seal, this ninth day of January 2015.


_____

J GRAHAM ZAHORUIKO


STATE OF CONNECTICUT)

                     ) ss.:   ~~Tolland~~  Willington

COUNTY OF ~~HARTFORD~~ )

                  Tolland

Personally appeared, J GRAHAM ZAHORUIKO, Signer and Sealer of the foregoing Instrument,

and acknowledged the same to be his free act and deed before me.


_____

DANIELLE RIVERS
Notary Public, State of Connecticut
My Commission Expires Jul. 31, 2019

Affidavit of J GRAHAM ZAHORUIKO                                                    Page 9

J GRAHAM ZAHORUIKO,                    )
                                       )
              Plaintiff,               )
                                       )
                                       )                **EXHIBIT 1**
                                       )
v.                                     )
                                       )
                                       )
ANDREW C. METCALF                      )
JUDGMENT ACQUISITIONS                  )
UNLIMITED                              )
LINDA BROSSI-MURPHY                    )
DAVID A. BROSSI LIMITED                )
PARTNERSHIP                            )
                                       )
              Defendants,              )
_____

| STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL | For Court Use Only. ➡ DOCKET NO. 1267 SC 1 | Trial Court of Massachusetts Small Claims Session |
|---|---|---|

**PART 1**
☐ BOSTON MUNICIPAL COURT    ☑ DISTRICT COURT  Westborough _____ Division    ☐ HOUSING COURT _____ Division

**PART 2**
PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE
David A. Brossi Limited Partnership
415 Lyman St., Box 7
Westborough, MA 01581
PHONE NO.: 508 864-8186

PLAINTIFF'S ATTORNEY (if any)
Name: _____
Address: _____
PHONE NO.: _____   BBO NO.: _____

**PART 3**
DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE
① Graham Zahoruiko
214 Magill Drive
Grafton, MA 01519
PHONE NO.: _____

ADDITIONAL DEFENDANT (if any)
② Name: Refresh Software
Address: Same address
PHONE NO.: _____

**PART 4**
PLAINTIFF'S CLAIM. The defendant owes $ 5000.- plus $ 100.- court costs for the following reasons: Give the date of the event that is the basis of your claim.

Non payment of rent March, April and May of 2011. Rental amount is $2500.- per month. Security deposit of $2500.- was retained to cover one month. Balance due is $5000.-

Address of office suite was 415 Lyman Street, Terrace North, Westborough, MA

SIGNATURE OF PLAINTIFF   X Linda M Murphy    DATE 1/3/12

**PART 5**
MEDIATION: Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☐ The plaintiff is willing to attempt to settle this claim through court mediation.

**PART 6**
MILITARY AFFIDAVIT: The plaintiff states under the pains and penalties of perjury that the:
☑ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.
☐ above defendant(s) is (are) serving in the military
x Linda M Murphy   1/3/12
SIGNATURE OF PLAINTIFF   DATE

**NOTICE OF TRIAL**

NOTICE TO DEFENDANT:
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

NAME AND ADDRESS OF COURT _____

DATE AND TIME OF TRIAL _____ AT _____
DATE   TIME
ROOM NO. _____

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

FIRST JUSTICE _____   CLERK-MAGISTRATE OR DESIGNEE _____

DEFENDANT'S NOTICE (FIRST CLASS MAIL OR OFFICER SERVICE)   COURT USE ONLY

INSTRUCTIONS FOR FILING A SMALL CLAIM — You must complete Parts 1-6 of this form. See instructions on reverse.

DC-SC-1 (10/09)   ATENCIÓN: ESTE ES UN AVISO OFICIAL DE LA CORTE. SI USTED NO SABE LEER INGLÉS, OBTENGA UNA TRADUCCIÓN.

CRTR2709-CR



**MASSACHUSETTS**
**WESTBOROUGH DC POSTING**
Docket Report

**1267SC000001**
**David A. Brossi Limited Partnership v. Zahoruiko, Graham et al**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Small Claims | **FILE DATE:** | 01/03/2012 |
| **ACTION CODE:** | SC2001 | **CASE STATUS:** | Disposed - Statistical Purposes |
| **DESCRIPTION:** | Small Claim $2001-$5000 | **STATUS DATE** | 05/10/2012 |
| | | **CASE JUDGE** | |
| **CASE TRACK:** | | | |
| **CASE SESSION:** | Small Claims Magistrate Session | | |

| LINKED CASE |
|---|

| PARTIES | |
|---|---|
| **Plaintiff**<br>David A. Brossi Limited Partnership<br>45 Lyman Street<br>Box 7<br>Westborough, MA 01581<br><br>**Defendant**<br>Refresh Software<br>214 Magill Drive<br>Grafton, MA 01519<br><br>**Defendant**<br>Zahoruiko, Graham<br>214 Magill Drive<br>Grafton, MA 01519 | **Private Counsel**     635389<br>Troy D. Morrison<br>Law Office of Troy D. Morrison<br>Law Office of Troy D. Morrison<br>255 Park Avenue<br>Suite 702<br>Worcester, MA 01609<br>Work Phone (508) 793-8282<br>Added Date: 05/10/2012 |

| EVENTS | | | | |
|---|---|---|---|---|
| **Date** | **Session** | **Event** | **Result** | **Resulting Judge** |
| 05/22/2012 | Small Claims<br>Magistrate Session | Magistrate Hearing | Defendant Defaulted | Cormier |
| 07/17/2012 | Small Claims<br>Magistrate Session | Payment Review | Defendant Failed To<br>Appear | Cormier |

A COPY, ATTEST:

*Maryann Pizzesseri*

First Asst. Clerk/Magistrate

*See page #3*

Printed: 07/24/2013  8:45 am    Case No: 1267SC000001      Page: 1

**MASSACHUSETTS**
**WESTBOROUGH DC POSTING**
**Docket Report**

| | FINANCIAL DETAILS | | | | |
|---|---|---|---|---|---|
| Date | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
| 01/03/2012 | Small Claims Filing Fee for claim Over $2000 but Under $5,000 due Receipt: 4151  Date: 01/03/2012 | 90.00 | 90.00 | 0.00 | 0.00 |
| 01/03/2012 | Small Claims Filing Fee Surcharge due.  Receipt: 4151  Date: 01/03/2012 | 10.00 | 10.00 | 0.00 | 0.00 |
| | **Total** | **100.00** | **100.00** | **0.00** | **0.00** |

A COPY, ATTEST:

_Marylann Pizzessere_

~~First Asst.~~ Clerk/Magistrate

CRTR2709-CR

MASSACHUSETTS
WESTBOROUGH DC POSTING
Docket Report

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 01/03/2012 | 1 | Statement of Small Claim entered. | |
| 01/03/2012 | 2 | Verification of Defendant's Address form filed (Uniform Small Claims Rule (b)) | |
| 01/05/2012 | | Event Scheduled<br>Event: Magistrate Hearing<br>Date: 05/22/2012  Time: 01:00 PM<br>Result: Defendant Defaulted | |
| 01/25/2012 | | Misc Entry:response to summons received from J. Graham Zahoruiko stating that he is not a party to any rental agreement or lease for the property, etc. | |
| 02/23/2012 | | Misc Entry: Defendant's request to dismiss case against him without appearing in court denied, ACM Cormier | |
| 02/23/2012 | | Notice sent to parties.<br>A Notce to the Parties was generated and sent to:<br>Plaintiff: David A. Brossi Limited Partnership<br>Defendant: Graham Zahoruiko<br>Defendant: Refresh Software | |
| 03/14/2012 | | Misc Entry:deft's counterclaim filed | |
| 05/10/2012 | 3 | On this date 05/10/2012 Morrison, Esq., Troy D. added as Private Counsel for Zahoruiko, Graham | |
| 05/10/2012 | 4 | Suggestion of bankruptcy of Graham Zahoruiko filed (11 U.S.C. §362). C7, docket#12-41662 | |
| 05/22/2012 | | Disposed by defendant's default.<br>The following event: Magistrate Hearing scheduled for 05/22/2012 01:00 PM has been resulted as follows:<br><br>Result: Defendant Defaulted | Cormier |
| 05/22/2012 | | Misc Entry: Defendant defaulted, counterclaim dismissed,no judgment against defendant Graham Zahoruiko as he has filed bankruptcy, default & default judgment against defendant Refresh Software. | |
| 06/12/2012 | | Judgment Entered:<br>Judgment for Plaintiff(s)       , after defendant(s) failed to appear<br>Cormier, Gloria I<br>Judgment For: David A. Brossi Limited Partnership<br>Judgment Against: Refresh Software<br>Terms of Judgment:<br>Interest Begins: 01/03/2012     Jdgmnt Date: 06/12/2012<br>Interest Rate: .12<br>Daily Interest Rate: .000329<br>Damages:<br>Damage Amt: 5000.00         Filing Fees: 100.00<br>Judgment Total: 5,364.84<br>Payment Orders:<br>Total judgment amount by 07/13/2012 | |

A COPY, ATTEST

*Mayleen Brossese*

First Asst. Clerk/Magistrate

Printed: 07/24/2013  8:45 am     Case No: 1267SC000001

J GRAHAM ZAHORUIKO,          )
                             )
            Plaintiff,       )
                             )
                             )          **EXHIBIT 2**
                             )
v.                           )
                             )
                             )
                             )
ANDREW C. METCALF            )
JUDGMENT ACQUISITIONS        )
UNLIMITED                    )
LINDA BROSSI-MURPHY          )
DAVID A. BROSSI LIMITED      )
PARTNERSHIP                  )
                             )
            Defendants,      )
_____

Equifax Free and Discounted Disclosures                    Page 28 of 35

Public record information includes bankruptcies, liens or judgments and comes from federal, state or county court records.

Public record information includes bankruptcies, liens or judgments and comes from federal, state or county court records.

### Wage Earner Plan (?)

| | |
|---|---|
| Date Filed: | 05/01/2012 |
| Case Number: | 1241662 |
| Court Number/Name: | |
| Court Address: | 595 Main St<br>Harold Donahue Fed Bldg<br>Worcester, MA 016082093 |
| Liabilities: | |
| Individual/Joint: | Individual |
| Individual/Business: | Individual |
| Bankruptcy Disposition: | C,CH-13 Filed |
| Current Disposition Date: | N/A |
| Asset Amount: | |
| Exempt Amount: | |
| Date Verified: | N/A |
| Date Reported: | 02/05/2012 |
| Prior Disposition: | |
| Comments: | |

### Judgments (?)

| | |
|---|---|
| Type: | Judgment |
| Date Filed: | 06/2012 |
| Case Number: | 1267SC000001 |
| Court Number/Name: | |
| Court Address: | 175 Milk St<br>Westborough, MA 015813306 |
| Plaintiff: | DAVID A BROSSI LP |
| Defendant: | ZAHORUIKO GRAHAM |
| Amount: | $5,000 |
| Status: | |
| Date Reported: | N/A |
| Satisfied Date: | |
| Verified Date: | |
| Comments: | |

You have no Tax Liens on file.

**J Graham Zahoruiko**
**214 Magill Dr**
**Grafton, MA  01519**
**781-640-7114**

August 12, 2013

TransUnion Credit Relations
PO BOX 2000
Chester, PA 19022-2000

To Whom It May Concern:

On July 18, 2013 and on File # 320558475, I disputed the June 12, 2012 judgment appearing on my credit report on behalf of the Westborough District Court in Massachusetts.  I told you there was no judgment against me and not only did you say you investigated it but you said you verified it.  This is completely INACCURATE and IMPOSSIBLE.  I am enclosing the evidence - a certified and attested to printout from the Clerk/Magistrate Maryann Pozzessese of the Westborough District Court that I am NOT A PARTY TO THIS JUDGEMENT.  If you need further assistance to verify this information, you can reach Maryann at the courthouse at (508) 366-8266.

All of this is all too familiar and reminds me of a case where Equifax inaccurately reported information and a consumer (Julie Miller of Marion County, Oregon) won a $18.6 million dollar judgment against the company.  It is CRITICAL that you report accurate information and that someone actually Verifies the accuracy of the information.  In my case, you had a real chance to verify the accuracy and you did not.

I hereby command that you remove the inaccurate listing of a judgment on my credit report for the Westborough District Court as soon as possible and report back to me a new report (with the information removed).

Respectfully,

J Graham Zahoruiko
CC:

Law Office of Troy D. Morrison (508) 793-8282
255 Park St, Suite 702
Worcester, MA  01609

**J Graham Zahoruiko**
**214 Magill Dr**
**Grafton, MA  01519**
**781-640-7114**

August 12, 2013

Equifax Information Services LLC
PO BOX 105285
Atlanta, GA  30348

To Whom It May Concern:

On July 18, 2013 and on Confirmation # 3199008740, I disputed the June 12, 2012 judgment appearing on my credit report on behalf of the Westborough District Court in Massachusetts.  I told you there was no judgment against me and on your follow up August 8, 2013 report not only did you say you investigated it but you said you verified it.  This is completely INACCURATE and IMPOSSIBLE.  I am enclosing the evidence - a certified and attested to printout from the Clerk/Magistrate Maryann Pozzessese of the Westborough District Court that I am NOT A PARTY TO THIS JUDGEMENT.  If you need further assistance to verify this information, you can reach Maryann at the courthouse at (508) 366-8266.

On August 10, 2013 on Confirmation # 3222003992 I disputed your findings and made a comment that I was not a party to this judgment.  You, in turn, the same day replied by inserting my comment into the "consumer comments" section of my credit report.  I DO NOT WANT THAT STATEMENT IN THE CONSUMER COMMENTS – THIS MUST BE REMOVED.

All of this is all to familiar and reminds me of a case where Equifax inaccurately reported information and a consumer (Julie Miller of Marion County, Oregon) won a $18.6 million dollar judgment against the company.  It is CRITICAL that you report accurate information and that someone actually Verifies the accuracy of the information. In my case, you had 2 chances to verify the accuracy and you did not.

I hereby command that you remove the inaccurate listing of a judgment on my credit report for the Westborough District Court as soon as possible and report back to me a new report (with the removed information and the removed consumer comment).

Respectfully,

J Graham Zahoruiko

CC:

Law Office of Troy D. Morrison (508) 793-8282
255 Park St, Suite 702
Worcester, MA  01609

**J Graham Zahoruiko**
**214 Magill Dr**
**Grafton, MA  01519**
**781-640-7114**

August 19, 2013


Experian / NCAC
P.O. Box 9701
Allen, TX 75013

To Whom It May Concern:

In July 2013 and on Report # 1159637798: Investigation ID 01, I disputed the June 2012 judgment appearing on my credit report on behalf of the Westborough District Court in Massachusetts.  I told you there was no judgment against me and on your follow up August 14, 2013 report not only did you say you investigated it but you said you verified it.  This is completely INACCURATE and IMPOSSIBLE.  I am enclosing the evidence - a certified and attested to printout from the Clerk/Magistrate Maryann Pozzessese of the Westborough District Court that I am NOT A PARTY TO THIS JUDGEMENT.  If you need further assistance to verify this information, you can reach Maryann at the courthouse at (508) 366-8266.

All of this is all too familiar and reminds me of a case where Equifax inaccurately reported information and a consumer (Julie Miller of Marion County, Oregon) won an $18.6 million dollar judgment against the company.  It is CRITICAL that you report accurate information and that someone actually Verifies the accuracy of the information. In my case, you had a chance to verify the accuracy and you did not.

I hereby command that you remove the inaccurate listing of a judgment on my credit report for the Westborough District Court as soon as possible and report back to me a new report (with the removed information and the removed consumer comment).

Respectfully,


J Graham Zahoruiko

CC:

Law Office of Troy D. Morrison (508) 793-8282
255 Park St, Suite 702
Worcester, MA  01609

J GRAHAM ZAHORUIKO,        )
)
      Plaintiff,          )
)
)               **EXHIBIT 3**
)
v.                    )
)
)
ANDREW C. METCALF    )
JUDGMENT ACQUISITIONS  )
UNLIMITED               )
LINDA BROSSI-MURPHY   )
DAVID A. BROSSI LIMITED  )
PARTNERSHIP           )
)
      Defendants,      )

# Judgment Acquisitions Unlimited
PO Box 153
Avon Ma 02322

Office hours: 9am-5pm, Mon-Fri
tel: 508-857-4410 fax: 240-359-4906
e-mail: j.unlimited@comcast.net

12/10/2014

Graham Zahorviko
57 Woodhedge Dr
Tolland Ct 06084-3537

Re: Original Plaintiff:   David A. Rossi -Limited Partnership        Account:        1267SC0001
    Judgment date:        6/12/2012                    Court:          Westboro District Court
    Principal:            $5,364.84                    Interest :      $1,597.99 as of 12/10/2014
    TOTAL:                **$6,962.83**

Dear Graham,

### IMPORTANT NOTICE

Our company has been assigned to collect the monies owed on the above judgment  Our enforcement procedures include but are not limited to Capias (civil arrest), wage attachments, bank account attachments and property liens.

THE PURPOSE OF THIS LETTER IS TO GIVE YOU THE OPPORTUNITY TO PAY THIS ON YOUR OWN AND NOT BECOME SUBJECT TO THE ABOVE ACTION(S).  THE TOTAL AMOUNT OF **$6,962.83** INCLUDES APPLICABLE INTEREST RATES IN YOUR STATE.

****************    <u>Terms for payment may be negotiated if you respond to this letter within 7 days.</u>    ******************

If you chose to do nothing within the 7 days, you will be subject to all fees and costs associated in the enforcement procedure and forfeit your chance to negotiate.

If you have paid, satisfied or dispute the validity of  the judgment, please write to us detailing the dispute and forward any supporting documents to our office within  the 7 days.  Please include your telephone number and or email in your letter. We will contact you within 10 days regarding your dispute.

Sincerely,

Andrew Metcalf

This communication is an attempt to collect a debt.  Any information obtained will be used for that purpose.

Please detach and return bottom portion with your payment in the envelope supplied.

--------------------------------------------------------------------------------------------------

**We accept all major credit cards, debit cards, and check by telephone**
All checks and money orders are payable to "Judgment Acquisitions Unlimited."

M/C,  Visa,  Amex,  or Discover  (Circle One)

Card  Number #_____          Balance: $ 6,962.83
Exp. Date    Month_____    Year _____    CVV/CID _____          Payment Amount $ _____
Signature please _____          Case #:  1267SC0001
Telephone # _____

Graham Zahorviko
57 Woodhedge Dr
Tolland Ct 06084-3537                                              J-1

J GRAHAM ZAHORUIKO,                )
                                   )
            Plaintiff,             )
                                   )
                                   )                    **EXHIBIT 4**
                                   )
v.                                 )
                                   )
                                   )
                                   )
ANDREW C. METCALF                  )
JUDGMENT ACQUISITIONS              )
UNLIMITED                          )
LINDA BROSSI-MURPHY                )
DAVID A. BROSSI LIMITED            )
PARTNERSHIP                        )
                                   )
            Defendants,            )
_____

J Graham Zahoruiko
57 Woodhenge Dr
Tolland, CT  06084

December 15, 2014

<u>VIA CERTIFIED MAIL / RETURN RECEIPT REQUESTED</u>

Commissioner Howard F. Pitkin
Connecticut Department of Banking
Government Relations and Consumer Affairs
260 Constitution Plaza
Hartford, CT 06103-1800

Commissioner David J. Cotney
Massachusetts Division of Banks
1000 Washington Street, 10th Floor
Boston, MA 02118-6400

Dear Commissioner Pitkin and Cotney:

I have received the attached correspondence from an unlicensed (according to:
http://www.ct.gov/dob/cwp/view.asp?a=2233&q=297872&dobNAV_GID=1663) State of Connecticut
Debt Collector called Judgment Acquisitions Unlimited of 7 May Av, Avon, MA  02322 (appears to be a
non-business residential address where Mr. Metcalf resides).  The letter is signed by Andrew Metcalf
who appears to live at the same residential address. Judgment Acquisitions Unlimited appears to also
be unincorporated, unregulated and without the proper insurance / bonding / state oversight in either
Connecticut or Massachusetts (http://www.nmlsconsumeraccess.org/).

I have never done business with Mr. Metcalf or Judgment Acquisitions Unlimited.  The December 10,
2014 correspondence threatens <u>civil arrest</u>, wage attachments, bank account attachments and
property liens and demands a 7 day response.

I believe both Mr. Metcalf and his business, Judgment Acquisitions Unlimited, are in violation of Federal
and State laws including: federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"),
or the Creditor's Collection Practices Act, Conn. Gen. Stat. §36a-645 *et seq.*, and the Connecticut
Unfair Trade Practices Act, Conn. Gen. Stat. §42-110b-g ("CUTPA").

This letter shall serve as my formal dispute to claims by Mr. Metcalf or Judgment Acquisitions
Unlimited.  I respectfully request the State of Connecticut and the Commonwealth of Massachusetts
open formal cases and investigations into Mr. Metcalf's practices and force Mr. Metcalf to immediately
cease and desist his illegal operations until full compliance with the State of Connecticut and
Commonwealth of Massachusetts Consumer Protection Laws.  I believe I may have a counter claim
against Mr. Metcalf and intend to preserve my rights.

I look forward to hearing from your respective agencies as to next steps.

Respectfully,

J. Graham Zahoruiko

Enclosures


CC:

Mr. Andrew Metcalf
Judgment Acquisitions Unlimited
7 May Av
PO BOX 153
Avon, MA  02322

**State of Connecticut Department of Banking**
**Government Relations and Consumer Affairs Division**
## CUSTOMER ASSISTANCE FORM

**Instructions: Please print or type.** If you are unable to resolve a complaint directly with your financial institution, you may request assistance from the Department of Banking. Please complete this form (or write a letter) and mail it to the Department of Banking, Government Relations & Consumer Affairs, 260 Constitution Plaza, Hartford, CT 06103-1800. You may also fax it to the agency at (860) 240-8178. Include your name and address with your facsimile. The Department of Banking Foreclosure Hotline number is 877-472-8313.

**SECTION I – CONSUMER INFORMATION**

| NAME*(Last, First, MI)* | | DATE: |
|---|---|---|
| Zahoruiko, J Graham | | December 15, 2014 |

**ADDRESS**
57 Woodhenge Dr

| CITY | STATE | ZIP CODE |
|---|---|---|
| Tolland | CT | 06804 |

| DAYTIME TELEPHONE NUMBER | HOME TELEPHONE NUMBER |
|---|---|
| (    ) 860-970-5360 | (    ) |

**E-MAIL ADDRESS** *(Optional)*
jgrahamzah@gmail.com

**SECTION II – FINANCIAL INSTITUTION INFORMATION**

NAME OF INSTITUTION and LOAN NUMBER or ACCOUNT NUMBER
Judgement Acquisitions Unlimited

**ADDRESS**
7 May Street

| CITY | STATE | ZIP CODE |
|---|---|---|
| Avon | MA | 02322 |

**SECTION III – NATURE OF PROBLEM** (Attach copies, **not originals**, of all documents that relate to your complaint. In addition, tell what resolution you are seeking.) *If additional space is needed, please attach a separate sheet.*

See attached letter

**SECTION IV – AUTHORIZATION**
In accordance with the Privacy Act of 1974, I hereby give my consent to a representative of the Department of Banking to make inquiries on my behalf and to receive any relevant information in their efforts to assist in responding to my (our) inquiry.

| Signature | Date 12/15/14 |
|---|---|
| Signature | Date |

**Privacy Statement**
In accordance with Section 36a-21 of the Connecticut General Statutes, information obtained, collected or prepared in connection with complaints from the public and received by this agency shall not be disclosed by the Department of Banking, unless such information is not protected from disclosure under federal or state law. However, pursuant to Section 36a-21 of the Connecticut General Statutes, the Banking Commissioner is allowed to disclose such records for any appropriate supervisory, governmental, law enforcement or other public purpose. The information requested on this form will be used to investigate and respond to your complaint or inquiry. Completion of this form is voluntary, but failure to provide requested information may delay or preclude investigation of your complaint or inquiry.
12/2011

7009 2820 0001 3530 8620

# U.S. Postal Service™
# CERTIFIED MAIL™ RECEIPT
## (Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

AVON MA 02322

0279

08

| | | |
|---|---|---|
| Postage | $ | $0.49 |
| Certified Fee | | $3.30 |
| Return Receipt Fee (Endorsement Required) | | $2.70 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $6.49 |

Postmark Here

12/16/2014

Sent To

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006 See Reverse for Instructions

# Certified Mail Provides:

- A mailing receipt
- A unique identifier for your mailpiece
- A record of delivery kept by the Postal Service for two years

## Important Reminders:

- Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
- Certified Mail is *not* available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a *Return Receipt* may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement *"Restricted Delivery"*.
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT: Save this receipt and present it when making an inquiry.**

PS Form 3800, August 2006 *(Reverse)* PSN 7530-02-000-9047

7009 2820 0001 3530 8613

U.S. Postal Service™

# CERTIFIED MAIL™ RECEIPT

(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

BOSTON MA 02118

| | | |
|---|---|---|
| Postage | $ $0.49 | 0279 |
| Certified Fee | $3.30 | 08 |
| Return Receipt Fee (Endorsement Required) | $2.70 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $6.49 | 12/16/2014 |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006 See Reverse for Instructions

# U.S. Postal Service™
# CERTIFIED MAIL™ RECEIPT
## (Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

HARTFORD CT 06103

| | | |
|---|---|---|
| Postage | $ | $0.49 | 0279 |
| Certified Fee | | $3.30 | 08 |
| Return Receipt Fee (Endorsement Required) | | $2.70 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $6.49 | 12/16/2014 |

Postmark Here

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006

See Reverse for Instructions

7009 2820 0001 3530 8606

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Commission Cotney
Division of Banks
1000 Washington St FL 10
Boston MA 02118

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Jim Bailey*

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail®       ☐ Priority Mail Express™
   ☐ Registered           ☐ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
   *(Transfer from service)*     7009 2820 0001 3530 8613

PS Form **3811**, July 2013     Domestic Return Receipt

UNITED STATES POSTAL SERVICE

BOSTON

15 DEC '14

PM 6 L



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

ZA Horulko
57 Woodhenge Dr
Tolland, CT 06084

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Commissiun Pitkin
Dept. of Banking
260 Constitution Plaza
Hartford ct 06103

*COMPLETE THIS SECTION ON DELIVERY.*

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Priority Mail Express™
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

   7009 2820 0001 3530 8606

PS Form 3811, July 2013          Domestic Return Receipt



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

ZAHoruIco
S7 Woodhouse Dr
Tolland CT 06084

J GRAHAM ZAHORUIKO,        )
                               )
        Plaintiff,       )
                               )

                               )             **EXHIBIT 5**
                               )

v.                            )
                               )
                               )

ANDREW C. METCALF     )
JUDGMENT ACQUISITIONS  )
UNLIMITED               )
LINDA BROSSI-MURPHY   )
DAVID A. BROSSI LIMITED )
PARTNERSHIP         )
                               )
        Defendants,    )



# William Francis Galvin
## Secretary of the Commonwealth of Massachusetts



HOME    DIRECTIONS    CONTACT US

Search sec.state.ma.us

[ Search ]

▷ Citizen Information Service

Commonwealth Museum

▽ Corporations

  ▷ Filing Methods

  ▷ Filing by Subject

  ▽ Search

    **Search the Corporate Database**

    Search Corporation Card File

    Search Corporate Rejected Filings

    Search the UCC Database

    Search the Liens Database

    Search the Trademark Database

    Search Name Reservations

    Search E-Certificate Verification

  ▷ General Information

  ▷ Certificates and Certified Copies

  ▷ Services Offered

▷ Elections and Voting

▷ Lobbyist

▷ Archives

▷ Massachusetts Historical Commission

▷ Public Records

▷ Publications and Regulations / Bookstore

▷ Registry of Deeds

▷ Securities

▷ State House Tours

▷ Records Center

▷ Regional Offices

  Address Confidentiality

# Corporations Division
## Search for a business entity

**Legal Information, Disclaimers, Policies**

Search assistance. . .

⦿ **Search by entity name** (Company, LP, LLP, LLC, etc.)

Enter name: `judgment acquisitions unlimited`    Search type: `Begins with ▼`

○ **Search by an individual name** (Officer, Director, etc.)    Search type: `Begins with ▼`

First: `_____`    Middle: `_____`    Last: `_____`

○ **Search by Identification Number** `_____`    Must be 9 digits

○ **Search by Filing Number** `_____`

Display number of items to view: `25 items ▼` per page

\* No records found; try a new search using different criteria

[ Clear search fields ]    [ Search Corporations ]



## DENISE W. MERRILL
### CONNECTICUT SECRETARY OF THE STATE

---

*Please check the following errors:*

⚠ No records found for Business Name judgment acquisitions unlimited

---

## Business Inquiry

**Business Inquiry**

- ⦿ Search by Name:              | judgment acquisitions unlimited
- ○ Search by Business ID:       |
- ○ Search by Filing Number:     |

The wild card search can be done on Business names using the asterisk sym
Example: Search for business name **Hartford\***.
Result: All businesses with business name starting **Hartford** will be displayed

Number of Records per page:        [ 25 ▼ ]

[ Search ]  [ Reset ]

J GRAHAM ZAHORUIKO,                  )
                                     )
            Plaintiff,               )
                                     )
                                     )          EXHIBIT 6
                                     )
v.                                   )
                                     )
                                     )
ANDREW C. METCALF                    )
JUDGMENT ACQUISITIONS                )
UNLIMITED                            )
LINDA BROSSI-MURPHY                  )
DAVID A. BROSSI LIMITED              )
PARTNERSHIP                          )
                                     )
            Defendants,              )
_____

# Judgment Acquisitions Unlimited

PO Box 153
Avon Ma  02322

Office hours: 9am-5pm, Mon-Fri
tel: 508-857-4410 fax: 240-359-4906
e-mail: j.unlimited@comcast.net

12/15/2014

Graham Zahorviko
57 Woodhenge Dr.
Tolland CT  06084

| | | | |
|---|---|---|---|
| Re: Original Plaintiff: | David A. Brossi -Limited Partnership | Account: | 1267SC0001 |
| Judgment date: | 6/12/2012 | Court: | Westboro District Court |
| Principal: | $5,364.84 | Interest : | $1,597.99 as of 12/15/2014 |
| **TOTAL:** | **$6,962.83** | | |

Dear Graham,

## IMPORTANT NOTICE

Our company has been assigned to collect the monies owed on the above judgment  Our enforcement procedures include but are not limited to Capias (civil arrest), wage attachments, bank account attachments and property liens.

THE PURPOSE OF THIS LETTER IS TO GIVE YOU THE OPPORTUNITY TO PAY THIS ON YOUR OWN AND NOT BECOME SUBJECT TO THE ABOVE ACTION(S).  THE TOTAL AMOUNT OF **$6,962.83** INCLUDES APPLICABLE INTEREST RATES IN YOUR STATE.

****************    <u>Terms for payment may be negotiated if you respond to this letter within 7 days</u>.    *****************

If you chose to do nothing within the **7** days, you will be subject to all fees and costs associated in the enforcement procedure and forfeit your chance to negotiate.

If you have paid, satisfied or dispute the validity of  the judgment, please write to us detailing the dispute and forward any supporting documents to our office within  the **7** days.  Please include your telephone number and or email in your letter. We will contact you within 10 days regarding your dispute.

Sincerely,

Andrew Metcalf

This communication is in attempt to collect a debt.  Any information obtained will be used for that purpose.

Please detach and return bottom portion with your payment in the envelope supplied.
--------------------------------------------------------------------------------------------------------------------------------------
**We accept all major credit cards, debit cards, and check by telephone**
All checks and money orders are payable to "Judgment Acquisitions Unlimited."

M/C,  Visa,  Amex, or Discover  (Circle One)

Card  Number #_____
Exp. Date      Month_____  Year _____  CVV/CID _____
Signature please _____
Telephone # _____

Balance: $ 6,962.83
Payment Amount $ _____
Case #:  1267SC0001

Graham Zahorviko
57 Woodhenge Dr.
Tolland CT  06084

J-1

J GRAHAM ZAHORUIKO,      )
                                        )
           Plaintiff,     )
                                        )

                                        )
                                        )
v.                                   )
                                        )
                                        )
ANDREW C. METCALF     )
JUDGMENT ACQUISITIONS  )
UNLIMITED               )
LINDA BROSSI-MURPHY   )
DAVID A. BROSSI LIMITED  )
PARTNERSHIP          )
                                        )
          Defendants,   )

_____

# EXHIBIT 7

**Judgment Acquisitions Unlimited**
PO Box 153
Avon Ma 02322

Office hours: 9am-5pm, Mon- Fri
tel: 508-857-4410  fax: 240-359-4906
e-mail: j.unlimited@comcast.net

12/17/2014

Graham Zahorviko
57 Woodhenge Dr.
Tolland  CT  06084

case # 1267SC0001

Dear Graham Zahorviko,

Enclosed is your copy of the documents for the above scheduled hearing.

If you would like to resolve this prior to the hearing, please contact us to see if there is a possibility of resolution.

If you dispute the debt or any portion thereof, please bring the supporting documents to the hearing.

Sincerely,

Andrew C Metcalf

# Judgment Acquisitions Unlimited
PO Box 153
Avon Ma 02322

Office hours: 9am-5pm, Mon-Fri

tel: 508-857-4410   fax: 240-359-4906

e-mail: j.unlimited@comcast.net

12/17/2014

Westborough District Court
Small Claims Clerk
186 Oak St.
Westborough, MA  01581

case # 1267SC0001

Plaintiff:  Andrew Metcalf assignee of David A. Brossi -Limited Partnership

Defendant:  Graham Zahorviko

Dear Sir or Madam,

I am requesting 3 Motions be heard on Tuesday, January 20, 2015 at 1:00pm.  The first is a motion to substitute a party from David A. Brossi -Limited Partnership  to Andrew Metcalf assignee of David A. Brossi -Limited Partnership.  The second is to issue an execution after one year under the new (substituted) party. The third is to appoint a special process server.

Please notify me if this date is full.

Also included is the Verification of Defendant's address.

Thank you in advance.

Sincerely,

Andrew C Metcalf

Certificate of Service

I, Andrew Metcalf hereby certify that on 12/17/2014 , I served the enclosed documents (motion, affidavit, judgment, and time date and local of hearing) on all parties involved in this matter by mailing copies of the same by first-class US Mail, postage prepaid, to Graham Zahorviko 214 Magill Dr Grafton MA 01519-1332 and 57 Woodhenge Dr.  Tolland  CT  06084.

Commonwealth of Massachusetts

Worcester,ss.                                    Westboro District Court

case # 1267SC0001
_____
Andrew C Metcalf assignee of David A. Brossi -Limited Partnership
        plaintiff


v.


Graham Zahorviko
        defendant

_____


MOTION TO SUBSTITUTE A PARTY (MGL Rule 11 (d) )

Now comes the plaintiff in the above-entitled matter and respectfully moves for approval of the court to substitute a party, and amend the plaintiff from David A. Brossi -Limited Partnership to  Andrew C Metcalf assignee of David A. Brossi -Limited Partnershipand in support thereof, plaintiff attaches an affidavit herewith.

NOTICE TO DEFENDANT: BY APPEARING TO BE HEARD ON THIS MOTION, YOU WILL NOT THEREBY SUBMIT YOURSELF TO THE JURISDICTION OF THE COURT NOR WAIVE SERVICE OF THE COMPLAINT AND SUMMONS IN THE MANNER PROVIDED BY LAW.




Andrew Metcalf
PO Box 153
Avon Ma  02322
508-857-4410




Motion to substitute a party

Commonwealth of Massachusetts

Worcester,ss.                                    Westboro District Court

case # 1267SC0001
_____

Andrew Metcalf   assignee of David A. Brossi -Limited Partnership
        plaintiff

v.

Graham Zahorviko
        defendant
_____

1. The plaintiff, Andrew Metcalf d/b/a Judgment Acquisitions Unlimited , is a duly organized business in the Commonwealth of Massachusetts, having an usual place of business in Avon Massachusetts, Norfolk county.

2.  The plaintiff, has acquired all rights to said judgment from original plaintiff, David A. Brossi -Limited Partnership.  A copy of which is attached hereto and marked Exhibit "A."

3. The defendant, Graham Zahorviko is a Massachusetts resident with an address of 214 Magill Dr 57 Woodhenge Dr.  Tolland  CT  06084  Grafton MA  01519-1332.

4. The original plaintiff received a judgment against the defendant in the Westboro District Court on 6/12/2012, for $5,364.84, a copy of which is attached hereto and marked Exhibit "B."

5. The plaintiff is the owner and holder of the judgment and said judgment remains in full force and effect and has been satisfied in no part.

6. Plaintiff requests to substitute the plaintiff to Andrew C Metcalf  assignee of David A. Brossi -Limited Partnership.

7. Defendant has failed and refused to make full payment of said judgment.

WHEREFORE, plaintiff requests to substitute the plaintiff on judgment case # 1267SC0001 against the defendant from David A. Brossi -Limited Partnership to  Andrew C Metcalf assignee of David A. Brossi -Limited Partnership.

Signed under the pains and penalty of perjury.

Andrew Metcalf
PO Box 153
Avon Ma  02322
508-857-4410

affidavit to substitute a party

Commonwealth of Massachusetts

Worcester,ss.                                    Westboro District Court

case # 1267SC0001
_____
Andrew C Metcalf  assignee of David A. Brossi -Limited Partnership
        plaintiff


v.

Graham Zahorviko
        defendant

_____

MOTION FOR ISSUANCE OF EXECUTION AFTER ONE YEAR (G.L. c. 235  17)

Now comes the Plaintiff in the above-entitled matter and and says that the Plaintiff was entitled to execution, but that no execution was ever requested or issued; and that one year has passed.  Said judgment has not been satisfied in any amount and the balance due now remains in the sum of $5,364.84, plus interest.

NOTICE TO DEFENDANT: BY APPEARING TO BE HEARD ON THIS MOTION, YOU WILL NOT THEREBY SUBMIT YOURSELF TO THE JURISDICTION OF THE COURT NOR WAIVE SERVICE OF THE COMPLAINT AND SUMMONS IN THE MANNER PROVIDED BY LAW.


Andrew Metcalf
PO Box 153
Avon Ma  02322
508-857-4410


Motion to issue Execution  over 1 year

Commonwealth of Massachusetts

Worcester,ss.                                  Westboro District Court

case # 1267SC0001

-----

Andrew Metcalf  assignee of David A. Brossi -Limited Partnership
        plaintiff

v.

Graham Zahorviko
        defendant

-----

1. The plaintiff, Andrew Metcalf d/b/a Judgment Acquisitions Unlimited assignee of David A. Brossi -Limited Partnership, is a duly organized business in the Commonwealth of Massachusetts, having an usual place of business in Avon Massachusetts, Norfolk county.

2.  The plaintiff, has acquired all rights to said judgment from original plaintiff, David A. Brossi -Limited Partnership.  A copy of which is attached hereto and marked Exhibit "A."

3. The defendant, Graham Zahorviko is a Massachusetts resident with an address of 214 Magill Dr 57 Woodhenge Dr.  Tolland  CT  06084  Grafton MA  01519-1332.

4. The original plaintiff (David A. Brossi -Limited Partnership) received a judgment against the defendant in the Westboro District Court on 6/12/2012, for $5,364.84, a copy of which is attached hereto and marked Exhibit "B."

5. The plaintiff is the owner and holder of the judgment and said judgment remains in full force and effect and has been satisfied in no part.

6. Plaintiff requests execution on judgment for the purpose to levy real property against defendant.

7. Defendant has failed and refused to make full payment of said judgment.

WHEREFORE, plaintiff requests an execution on judgment case # 1267SC0001 against the defendant for the sum of $5,364.84, plus interest and costs.

Signed under the pains and penalties of perjury.

Andrew Metcalf
PO Box 153
Avon Ma  02322
508-857-4410

affidavit for execution over 1 year

COMMONWEALTH OF MASSACHUSETTS

Worcester,ss

_____

Andrew Metcalf assignee of David A. Brossi -Limited Partnership
                            Plaintiff
                                          Case # 1267SC0001

            - v. -

Graham Zahorviko
                            Defendant

_____


MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER UNDER MRCP RULE 4 (c)

The undersigned, Andrew Metcalf, hereby moves this Court pursuant to MRCP Rule 4 (c) for
appointment of

Constable Mark Davis,  North Star Associates, and their associates

who is over eighteen years of age, not an interested party in this matter, and familiar with the requirements
thereof to serve process in the action. Specifically, the creditor requests that the court authorize the special
process servers to serve process and execute/levy on any judgment issued by this Court in accordance with
M.G.L. c.235.


_____
                                              Signature and Date

                              Andrew C Metcalf
                                      Name

                              PO Box 153
                              Avon Ma 02322
                                      Address

                              508-857-4410
                                      Telephone


                              Order


The within appointment is allowed, and it is ordered that a copy of this order shall be served with the summons
and complaint.

_____

Commonwealth of Massachusetts

Worcester,ss.                                    Westboro District Court

case # 1267SC0001
_____

Andrew C Metcalf  assignee of David A. Brossi -Limited Partnership
        plaintiff

v.

Graham Zahorviko
        defendant
_____

1. The plaintiff, Andrew C Metcalf dba Judgment Acquisitions Unlimited assignee of David A. Brossi -Limited Partnership, is a business  in the Commonwealth of Massachusetts, having an usual place of commerce based at 7 May Ave  Avon Ma 02322., Norfolk county.

2.  The original plaintiff (David A. Brossi -Limited Partnership), has acquired a judgment dated 6/12/2012, in the amount of 5,364.84  A copy of which is attached hereto and marked Exhibit "B."

3. The plaintiff, Andrew C Metcalf assignee of David A. Brossi -Limited Partnership, has acquired rights to the judgment and attaches assignment and marked as Exhibit "A."

4. The defendant, Graham Zahorviko is a Massachusetts resident with an address of 214 Magill Dr 57 Woodhenge Dr.  Tolland  CT  06084  Grafton MA  01519-1332.

5. The plaintiff is the owner and holder of the judgment and said judgment remains in full force and effect and has been satisfied in no part.

6. Plaintiff requests a Constable as a special process server and enforce an execution or serve a capias and possibly physically bring the defendant to the Westboro District Court to answer their non-payment of the judgment.

7. Plaintiff requests a Constable serve process in above named case as costs, effectiveness and timeliness of Sheriff service has proven to be expensive and ineffective.

8. Plaintiff asserts that the Constable is licensed and bonded in the Commonwealth of Massachusetts.

9. Defendant has failed and refused to make full payment of said judgment.

WHEREFORE, plaintiff requests approval of a special process server (Under Rule 4c) to serve process in hand for above stated case.
Signed under the pains and penalty of perjury.


                                        Andrew C Metcalf
                                        PO Box 153
                                        Avon Ma  02322
                                        508-857-4410

affidavit for 4C

Assignment of Judgment with Warranty

*Brossi*

David A. ~~Rossi~~ -Limited Partnership
   (plaintiff)

v.

Graham Zahorviko- Refresh Software
   (Defendant)

*Brossi*

I, David A. ~~Rossi~~ -Limited Partnership, Plaintiff and Judgment Creditor in Case No. 1267SC0001,

filed for the County of Worcester in the Westboro District Court , State of , do

hereby transfer, and assign all title, right and interest in the judgment entered at

above court against  Graham Zahorviko- Refresh Software, to Assignee, Andrew Metcalf d/b/a Judgment

Acquisitions Unlimited, and further warrant that the entire amount of $5,364.84

is unpaid, due and owing, plus interest accrued at the rate of 12% per annum from the date

of judgment to the date of satisfaction.     I hereby authorize Assignee, Andrew Metcalf d/b/a

Judgment Acquisitions Unlimited, whose mailing address is PO Box 153 Avon Ma  02322, to collect,

compromise, settle and enforce said judgment, and I withdraw all rights and claim to same.

_____ Today's date  11-28-2014
Signature of Assignor (Plaintiff) in the presence of Notary

_Linda Brossi Murphy_          _manager_
            Print name                                    Title at Business

I certify that before me, the undersigned, personally appeared known to me to be the

person subscribed to within this document and who executed this document by their

signature.

_____
Notary Public at Large

For the State of  _MASSachusetts_ _____.   My Commission expires  _06-18-2021_



MARISHA C DAY
MY COMMISSION EXPIRES
JUNE 18 2021
NOTARY PUBLIC
COMMONWEALTH OF
MASSACHUSETTS