UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| J. GRAHAM ZAHORUIKO,<br>    Plaintiff,<br><br>v.<br><br>ANDREW C. METCALF, et al.,<br>    Defendants. | :<br>:   CIVIL ACTION NO.<br>:   3:15-cv-00042 (VLB)<br>:<br>:<br>:   October 24, 2016<br>: |

## RULING AND ORDER

Before the court is a Motion for Judgment on the Pleadings filed by two of the three Defendants, Linda Brossi-Murphy, and David A. Brossi Limited Partnership ("Movants"). The third Defendant, Andrew C. Metcalf, does not join in this motion. J. Graham Zahoruiko ("Plaintiff") brought an action on January 12, 2015, asserting that the Defendants violated sections 1692e, 1692e(8), 1692f and 1692g(a)(1) of the Fair Debt Collection Practices Act ("FDCPA") in attempting to collect a debt.

The following facts are taken from the Plaintiff's Complaint. The subject debt is unpaid rent owed pursuant to the terms of a May 10, 2010 lease between "David A. Brossi Limited Partnership and Refresh Software Corporation" ("Lease").[1] Plaintiff's Complaint, Attachment A ("Zahoruiko Affidavit") ¶ 3, Dkt. 1. The Plaintiff signed the Lease in his capacity as an officer of Refresh Software Corporation. *Id.* On January 3, 2012, David A. Brossi Limited Partnership filed a

---

[1] The Plaintiff also alleged violations of two Connecticut state laws: the Creditor's Collection Practices Act; Conn. Gen. Stat. §§ 36a-645, 648; and the Connecticut Unfair Trade Practices Act; Conn. Gen. Stat. §§ 42-110b-g.

small claims action against (1) Graham Zahoruiko and (2) Refresh Software Corporation to recover the non-payment of "corporate rents" due under the Lease.  Plaintiff's Complaint ¶ 8.  The court entered a default judgment against Refresh Software Corporation but did not enter a judgment against the Plaintiff due to the automatic stay imposed by the Plaintiff's pending bankruptcy case.  Plaintiff's Complaint, Zahoruiko Affidavit ¶¶ 4-5.  Thereafter the Defendants sought to recover from the Plaintiff the debt owed by Refresh Software Corporation for the lease of its business premises.  *See* Plaintiff's Complaint ¶ 8, Zahoruiko Affidavit ¶¶ 3-5.

The Complaint makes clear that all three FDCPA claims pertain to commercial rather than consumer debt.  The FDCPA only creates a cause of action for efforts to collect debts arising from transactions "primarily for personal, family, or household purposes," 15 U.S.C. § 1692a(5), and does not cover "actions arising out of commercial debts."  *Goldman v. Cohen*, 445 F.3d 152, 154 n.1 (2d Cir. 2006).  Therefore, these claims are not redressible and must be DISMISSED for lacking subject matter jurisdiction as to the Movants.

The Court may also dismiss the FDCPA claims as to Metcalf on the same grounds.  The Court has a duty to dismiss any claim *sua sponte* over which it lacks subject matter jurisdiction, even if the issue is not raised by the parties.  *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009).  Consequently, the FDCPA claims against Andrew C. Metcalf are DISMISSED.

The Plaintiff may move to reopen the case within 35 days of the date of this order, but only upon a showing supported by legal authority that the FDCPA applies to the commercial debt collections alleged in the Complaint.

The two remaining claims are state law claims under the Creditor's Collection Practices Act ("CCPA") and the Connecticut Unfair Trade Practices Act ("CUTPA").  As there has never been a viable federal claim and the remaining claims are state claims, this Court declines to exercise supplemental jurisdiction.  Thus, the CCPA and CUTPA claims are DISMISSED without prejudice to refiling them in state court.

The Motion for Judgment on the Pleadings is GRANTED.  All FDCPA claims against all of the Defendants are DISMISSED.  The Clerk is directed to close the case.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: October 24, 2016